UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)
www.flsb.uscourts.gov

In re

JIANGBO PHARMACEUTICALS, INC.
f/k/a Genesis Pharmaceuticals Enterprises,
Inc.,

     Debtor.
_____/

CASE NO. 13-15624-BKC-RBR
CHAPTER 7

**<u>CHAPTER 7 TRUSTEE'S RESPONSE AND LIMITED OBJECTION IN OPPOSITION TO SECURITIES PLAINTIFFS' (I) EXPEDITED MOTION FOR RELIEF FROM AGREED ORDER ON MOTION FOR STAY RELIEF [ECF NO. 108] AND (II) MOTION FOR RELIEF FROM THE AUTOMATIC STAY [ECF NO. 87]</u>**

     Sonya L. Salkin, the duly appointed and acting Chapter 7 trustee ("the Trustee") for the bankruptcy estate of the Debtor, Jiangbo Pharmaceuticals, Inc. f/k/a Genesis Pharmaceuticals Enterprises, Inc. ("Jiangbo" or the "Debtor"), files this Response and Limited Objection in Opposition (the "Limited Opposition Response") to Securities Plaintiffs' (I) Expedited Motion For Relief From Agreed Order On Motion For Stay Relief [ECF NO. 108] (the "Changed Circumstances Motion") and (II) Motion For Relief From The Automatic Stay [ECF No. 87] (the "Stay Relief Motion"), and says:

**Facts at Issue**

     1.    In the Changed Circumstances Motion, the Securities Plaintiffs, who had claims pending in federal court against the Debtor and certain of its former officers and directors for securities fraud, seek leave from an Agreed Stay Relief Order of this Court [ECF No. 96] (the "Interim Order") granting them the right to seek certain future relief, including pursuing claims in the People's Republic of China.

     2.    Specifically, the Changed Circumstances Motion seeks relief from the Interim Order based upon a purported "material change in circumstances" including:

- The fact that no mediation has been set with Frazer Frost, LLP ("Frazer"), the

      Debtor's former independent outside auditors, which was one of the conditions of the Interim Order; and

- The fact that the Trustee has entered into a settlement agreement with Defendant Elsa Sung ("Sung") excluding the Securities Plaintiffs, with a material term of said settlement being the entry of a bar order against, among others, the Securities Plaintiffs.[1]

3.    Thus, the Securities Plaintiffs argue, "pursuant to paragraphs 4 and 6 of the Interim Order,[2] that the Securities Plaintiffs are entitled to the entry of an order modifying the

---

[1] The "settlement" between the Trustee and Sung referenced by the Securities Plaintiffs is the subject of the Trustee's Motion to Approve Settlement and Compromise and Request for Entry of Bar Order dated May 27, 2014 [ECF No. 101] (the "9019 Motion").

[2] The pertinent provisions in the Interim Order provide as follows:

    1. Subject to the limitations and restrictions set forth herein, all relief sought in the Motion is abated until 14 (fourteen) days after the conclusion of the latter of the two mediations referenced in Paragraphs 2 [defining the Sung Mediation] and 3 [defining the Frazer Mediation] below.

. . .

    4. Upon the expiration of the time period referenced in Paragraph 1 above, the Securities Plaintiffs shall be entitled (without further leave of Court) to the entry of an agreed order (the "Subsequent Stay Relief Order") modifying the automatic stay, to the extent implicated by the Motion (with respect to which the Court by this Order makes no finding or ruling), solely to permit the Securities Plaintiffs: (a) to pursue and obtain the entry of default final judgments from the District Court in the Securities Litigation pending against the Defendants, former Debtor officers and/or directors Wubo Cao ("Cao") and Linxian Jin ("Jin") (the "Default Final Judgments"); and (b) to seek collection against Cao and Jin in the People's Republic of China (the "Foreign Collection Efforts"). Nothing herein shall permit, allow or otherwise authorize the Securities Plaintiffs to enforce, collect or otherwise pursue satisfaction of the Default Final Judgments in whole or in part against the Jiangbo D&O Policy, and the Trustee will not seek to enjoin the enforcement, collection or pursuit of such Default Final Judgments or such Foreign Collection Efforts against Cao and Jin, except that the Trustee shall be permitted to seek, and does not otherwise waive her right to obtain, a bar order/permanent injunction against the Securities Plaintiffs as part of motions to approve settlements filed in accordance with Fed. R. Bankr. P. 9019 and/or Section 105 of the Bankruptcy Code, and the Securities Plaintiffs shall be permitted to, and do not otherwise waive their right to, object to same.

. . .

    6. Nothing herein shall prevent any party referenced in this Order from seeking to modify the terms and conditions of this Order in the event of a material change of circumstances, including the failure of the parties to schedule, conduct, or complete the mediation conferences referenced herein, or if the Trustee seeks to obtain the entry of a bar order/permanent injunction against the Securities Plaintiffs as part of motions to approve settlements referenced in paragraph 4 above.

2

automatic stay, to the extent implicated by the Motion, to permit the Securities Plaintiffs: (a) to pursue and obtain the entry of default final judgments from the District Court in the Securities Litigation pending against the Defendants, former Debtor officers and/or directors Wubo Cao ("Cao") and Linxian Jin ("Jin"); and (b) to seek collection against Cao and Jin in the People's Republic of China."

4. Additionally, the Securities Plaintiffs request an immediate hearing on the remaining relief requested in the pending Motion for Relief from the Automatic Stay [ECF No. 87] (the "Stay Relief Motion").

## Response and Limited Objection

5. The Trustee opposes the relief requested in the Changed Circumstances Motion and the Stay Relief Motion for reasons that include the following:

   a. As an initial matter, no relief should be granted in favor of the Securities Plaintiffs, if at all, unless and until the 9019 Motion is resolved by the Court. Contrary to what the Securities Plaintiffs assert in the Changed Circumstances Motion, no exigent circumstances require the entry of an order providing immediate relief from the automatic stay at this time. The resolution of the 9019 Motion is critical to this process because, if granted, it may permit the Trustee to re-evaluate her position in regard to permitting the Securities Plaintiffs to pursue collection efforts in the People's Republic of China. Moreover, because the legal, factual, and practical issues involved in the 9019 Motion, the Changed Circumstances Motion, and the Stay Relief Motion are all interrelated and intertwined, all of them should be decided by the Court as part of one consolidated hearing.

   b. Moreover, because granting relief from the stay to the Securities Plaintiffs may implicate coverage issues under the officer and director policy at issue,

and because part of the Trustee's settlement with Sung requires the entry of a bar order in favor of the insurance carrier, having the stay relief request heard and resolved in conjunction with the 9019 Motion makes both legal and practical sense.

c. Indeed, the Securities Plaintiffs' contention that they should be permitted to pursue collection against the National Union D&O Policy (the "Policy") suffers from a fatal deficiency – the carrier has maintained there is no coverage for the claims at issue. The desire to liquidate claims against the Debtor, Cao, and Jin for this purpose cannot justify lifting the automatic stay. Jiangbo and its directors and officers – with the exception of Elsa Sung – arguably lost any coverage that may have been available under the Policy when they refused to defend themselves or cooperate with the insurer. After the subject securities claims were asserted, the insurer informed Jiangbo on September 2, 2011 that it would advance reasonable defense costs subject to a reservation of rights. In a written exchange with Jin later that month, the insurer indicated it had approved the law firm of Holland & Knight and advised him to contact the firm regarding a defense. Only silence followed. By letter dated October 6, 2011, the insurer informed Jin that Holland & Knight had yet to hear from him. That correspondence also made inquiry into whether Jiangbo (i) intended to retain defense counsel and pay the necessary retention, (ii) indemnify any directors and officers, (iii) continued its internal investigation, and (iv) addressed certain recommendations made by former members of the audit committee. This letter was copied to former Jiangbo officers/directors Sung, Sun Ziling, Cao, Xiaowei Feng, Lei Huang, Jian Ge, Michael Marks, and John Wang. The insurer claims to have never received

any response to the questions posed in its October letter from any of the above defendants. Nor did the insurer receive any communications from Jiangbo, Jin, or anyone else in response to its September or October correspondence. Eventually, a Clerk's Default was entered against Jiangbo and certain of its officers and/or directors in connection with the District Court Securities Litigation. The above conduct – or lack thereof – led to a denial of coverage to Jiangbo and its directors and officers (except Ms. Sung) on January 4, 2012. Specifically, the carrier cited Clause 8 of the Policy, providing that "[t]he Insureds shall defend and contest any Claim made against them. The Insureds shall not admit or assume any liability . . . without the prior written consent of the Insurer." Moreover, pursuant to that same Clause, "[e]ach and every Organization and Insured Person shall give the Insurer full cooperation and such information as it may reasonably require." National Union determined that Jiangbo and its and officers and directors failed to fulfill any of these requirements, and accordingly deemed them in breach of the Policy. The Securities Plaintiffs now seek stay relief to pursue the very claims for which the insurer denied coverage two-and-a-half years ago due to the insureds' inaction. Granting such relief to pursue even more litigation imperils the Trustee's settlement and the ability to resolve covered claims for the estate's benefit.

d. The Trustee objects to the Securities Plaintiffs' request in the Stay Relief Motion to obtain relief from the automatic stay to obtain a judgment in District Court against the Debtor at this time. Such relief should be denied because: (i) there is no justifiable basis to allow stay relief because the Securities Plaintiffs have filed class action Proof of Claim No. 5 against the estate, and therefore

    have submitted themselves to the jurisdiction of this Court and can have their claim economically adjudicated by this Court; and (ii) the estate has no money or resources to defend the District Court action, and will be substantially prejudiced if stay relief is granted.

e. As to the Frazer Mediation that the Securities Plaintiffs assert has not been scheduled, and which is alleged to provide a separate basis to obtain stay relief, the Trustee apprises the Court that a mediation is expected to occur with Frazer prior to year's end, and that the Trustee's and the estate's accountant, Kapila/Mukamal, and counsel are currently preparing for such mediation. The delay in scheduling has been through no fault of the Trustee or Frazer. Indeed, once the Trustee successfully settled with Sung, she prudently focused her efforts on devoting the estate's resources in getting the $595,000 settlement approved which, if the 9019 Motion is granted, will provide a substantial war chest to pursue third party claims (including against Frazer) on behalf of an estate that currently has no cash or any other tangible, non-litigation related assets to fund litigation. Moreover, the settlement with Sung contains comprehensive cooperation provisions that the Trustee expects will greatly assist her in prosecuting claims against third parties, including Frazer. Finally, the Trustee continues to welcome the attendance of the Securities Plaintiffs at the Frazer Mediation, and the Trustee understands that Frazer continues to be amenable to their participation. Moreover, any delay in the scheduling of the Frazer Mediation should not be considered as a basis for granting stay relief because such purported delay has caused no material prejudice to the Securities Plaintiffs.

## Conclusion

For the reasons stated above, the Changed Circumstances Motion and Stay Relief Motion should be denied without prejudice pending a resolution of the 9019 Motion, and/or such motions should be decided by this Court in conjunction with one another since the legal, factual, and practical issues are all interrelated and intertwined.

WHEREFORE, the Trustee requests the relief requested herein and for any other relief the Court deems appropriate.

Respectfully submitted this 23rd day of June, 2014.

> GENOVESE JOBLOVE & BATTISTA, P.A.
> *Special Counsel for the Chapter 7 Trustee*
> 100 S.E. Second Street, 44th Floor
> Miami, FL  33131
> Tel. (305) 349-2300
> Fax. (305) 349-2310
> Email: dcimo@gjb-law.com
> Email: mmark@gjb-law.com
>
>
> By:   /s/ David C. Cimo
>     David C. Cimo, Esq.
>     Fla. Bar. No. 775400
>     Marilee A. Mark, Esq.
>     Fla. Bar. No. 725961

## CERTIFICATE OF SERVICE

I  HEREBY CERTIFY that a true and correct copy of the foregoing was served this 23rd day of June, 2014 to the parties listed and in the manner set forth on the attached Service List.

    /s/  David C. Cimo
    David C. Cimo

## SERVICE LIST

**Via CM/ECF**

**13-15624-RBR Notice will be electronically mailed to:**

Brett M Amron, Esq. on behalf of Interested Party Christopher Brophy
bamron@bastamron.com,
mdesvergunat@bastamron.com,jmiranda@bastamron.com,dtimpone@bastamron.com

Brett M Amron, Esq. on behalf of Interested Party Tara Lewis
bamron@bastamron.com,
mdesvergunat@bastamron.com,jmiranda@bastamron.com,dtimpone@bastamron.com

Eyal Berger, Esq. on behalf of Petitioning Creditor Guerilla Partners, LP
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Eyal Berger, Esq. on behalf of Petitioning Creditor Hua-Mei 21st Century Partners, LP
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Eyal Berger, Esq. on behalf of Petitioning Creditor Pope Investments, LLC
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Mark Bonacquisti on behalf of Trustee Sonya Salkin
mark@mbpa-law.com, atty_ellison@bluestylus.com;allusers@mbpa-law.com,annmarie@mbpa-law.com,

Stephen C Breuer on behalf of Trustee Sonya Salkin
stephen@mbpa-law.com, atty_ellison@bluestylus.com;allusers@mbpa-law.com,annmarie@mbpa-law.com,

Jose A Casal on behalf of Defendant Elsa Sung
jose.casal@hklaw.com

David C. Cimo, Esq on behalf of Intervenor-Plaintiff Sonya Salkin
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Plaintiff Derek J. Bruce
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Plaintiff Sonya Salkin
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Plaintiff William Lindquist
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Special Counsel David C Cimo
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Trustee Sonya Salkin
dcimo@gjb-law.com, gjbecf@gjb-law.com

Carl L Kitchner on behalf of Creditor Broward County Records, Taxes & Treasury
ckitchner@broward.org, swulfekuhle@broward.org

Marilee A Mark on behalf of Intervenor-Plaintiff Sonya Salkin
mmark@gjb-law.com, gjbecf@gjb-law.com

Marilee A Mark on behalf of Plaintiff Sonya Salkinmmark@gjb-law.com, gjbecf@gjb-law.com
Marilee A Mark on behalf of Special Counsel David C Cimommark@gjb-law.com, gjbecf@gjb-law.com
Marilee A Mark on behalf of Trustee Sonya Salkinmmark@gjb-law.com, gjbecf@gjb-law.com

John A. Moffa, Esq. on behalf of Trustee Sonya Salkinjohn@mbpa-law.com, atty_ellison@bluestylus.com;allusers@mbpa-law.com,annmarie@mbpa-law.com,

Office of the US TrusteeUSTPRegion21.MM.ECF@usdoj.gov

Christian A Petersen on behalf of Creditor Hackleman, Olive & Judd, P.A.
christian@olive-law.com, stacey@olive-law.com

Steven R Safra on behalf of Defendant Frazer Frost, LLP
Steven.Safra@csklegal.com, kelly.torres@csklegal.com

Sonya Salkin
salkintrustee@msbankrupt.com, FL41@ecfcbis.com

Aaron Weiss on behalf of Interested Party National Union Fire Insurance Company of Pittsburgh, Pa.
aweiss@carltonfields.com

**US Mail**

Laurence Matthew Rosen, Esq.
The Rosen Law Firm
275 Madison Avenue, 34th Floor
New York, NY 10016

Tracy Ann Nichols, Esq.
Louise McAlpin, Esq.
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131
louise.mcalpin@hklaw.com
tracy.nichols@hklaw.com

Blake S. Sando, Esq.
Cody J. German, Esq.
Cole Scott & Kissane
Dadeland Centre II Suite 1400
9150 S Dadeland Boulevard
Miami, FL 33156

Steven J. Brodie, Esq.
Carlton Fields Jorden Burt
100 SE 2nd St.
Miami, Florida 33131-2100

Susan R. Sherrill-Beard, Esq.
Senior Trial Counsel/Bankruptcy
U.S. Securities and Exchange Commission
Atlanta Regional Office
3475 Lenox Road, NE, Suite 1000
Atlanta, GA 30326-1232

U.S. Securities and Exchange Commission
Headquarters
100 F Street, NE
Washington, DC 20549

Eric I. Bustillo
Regional Director, U.S. Securities and Exchange Commission
Miami Regional Office
801 Brickell Ave., Suite 1800
Miami, FL 33131

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 13-15624-RBR<br>Southern District of Florida<br>Fort Lauderdale<br>Mon Jun 23 11:07:35 EDT 2014 | Broward County Records, Taxes & Treasury<br>c/o Carl Kitchner Esq.<br>115 S Andrews Ave #423<br>Ft. Lauderdale, FL 33301-1826 | Guerilla Partners, LP<br>405 Lexington Avenue<br>39th Floor<br>New York, NY 10174-3998 |
| Hackleman, Olive & Judd, P.A.<br>c/o Christian A. Petersen, Esq.<br>2438 E. Las Olas Blvd.<br>Fort Lauderdale, FL 33301-1573 | Hua-Mei 21st Century Partners, LP<br>237 Park Avenue<br>9th Floor<br>New York, NY 10017-3170 | Jiangbo Pharmaceuticals, Inc.<br>c/o Secretary of State<br>P.O. Box 6327<br>Tallahassee, FL 32314-6327 |
| National Union Fire Insurance Company of Pit | Pope Investments, LLC<br>5100 Poplar Ave<br>#805<br>Memphis, TN 38137-0800 | Broward County Records, Taxes & Treasury<br>Attn:  Bankruptcy Section<br>115 S. Andrews Ave. # A-100<br>Ft. Lauderdale, FL 33301-1888 |
| Christopher Brophy<br>C/O Christopher Stephen Polaszek, Esq.<br>Morgan & Morgan, P.A.<br>201 N. Franklin St. 7th Fl.<br>Tampa, FL 33602-5157 | Christopher Brophy<br>C/O Ethan David Wohl, Esq.<br>Wohl & Fruchter LLP<br>570 Lexington Ave., 16th Fl.<br>New York, NY 10022-6889 | Christopher Brophy<br>C/O Kristi Stahnke McGregor<br>Milberg LLP<br>1 Pennsylvania Plaza<br>New York, NY 10019 |
| Christopher Brophy and Tara Lewis, as Court<br>c/o Brett M. Amron, Esq.<br>1 SE 3rd Ave., Ste. 1440<br>Miami, FL 33131-1714 | Derek Bruce Derivatively and on<br>behalf of Jiangbo Pharmaceuticals, Inc.<br>C/O Lauren Matthew Rosen, Esq.-Rosen Law<br>275 Madison Ave. 34th Fl.<br>New York, NY 10016-1101 | Guerrilla Partners, LP<br>405 Lexington Ave.<br>39th Fl<br>New York, NY 10174-0002 |
| Guerrilla Partners, LP<br>c/o Akerman Senterfitt<br>350 E. Las Olas Blvd. - #1600<br>Fort Lauderdale, FL 33301-4247 | Hackleman, Olive & Judd, P.A.<br>c/o Christian A. Petersen, Esquire<br>2438 E. Las Olas Blvd.<br>Fort Lauderdale, FL 33301-1573 | Hua-Mei 21st Century Partners, LP<br>237 Park Ave.<br>New York, NY 10017-3140 |
| Hua-Mei 21st Century Partners, LP<br>c/o Akerman Senterfitt<br>350 E. Las Olas Blvd. - #1600<br>Fort Lauderdale, FL 33301-4247 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>Attn: Bankruptcy Unit<br>7850 SW 6th Court<br>Fort Lauderdale, FL 33324-3210 |
| Internal Revenue Service<br>Attn: US Attorney<br>POB 14198<br>Washington, DC 20044-4198 | Internal Revenue Service<br>POB 621501<br>Atlanta, GA 30362-3001 | Internal Revenue Service<br>POB 7317<br>Philadelphia, PA 19101-7317 |
| Internal Revenue Service<br>POB 7346<br>Philadelphia, PA 19101-7346 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Philipe Lagace, Individually and on<br>behalf of all others situated C/O<br>Laurence Matthew Rosen, Esq.-Rosen Law<br>275 Madison Ave. 34th Fl.<br>New York, NY 10016-1101 |
| William Linquist Derivatively and on<br>behalf of Jiangbo Pharmaceuticals, Inc.<br>C/O Lauren Matthew Rosen, Esq.-Rosen Law<br>275 Madison Ave. 34th Fl.<br>New York, NY 10016-1101 | Chaoying (Charles) Li<br>Beijing  Hankun Law Offices<br>Office Tower CI #900<br>Oriental Plaza<br>1 East Chang An Ave<br>Beijing100738 P. R. China | Jason S Mazer<br>100 SE 2 St, 30 FL<br>Miami, FL 33131-2194 |

```
Sarah Masson                          Soneet R Kapila                       Sonya Salkin
Jayla Place, Wickham's Cay I          1000 S. Federal Highway               8211 W Broward Blvd #375
PO Box 3190                           Suite 200                             Plantation, FL 33324-2741
Road Town                             Fort Lauderdale, FL 33316-1237
TortolaVG1110 British Virgin Islands


Tony Heaver-Wren Esq
Appleby (Cayman) Ltd.
Clifton House
75 Fort St
POB 190
KYI-1104 Cayman Islands
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service              (d)Internal Revenue Service           (d)Internal Revenue Service
1040 Waverly Avenue                   POB 105404                            c/o US Attorney
Holtsville, NY 11742-1129             Atlanta, GA 30348                     99 NE 4th St.
                                                                            Miami, FL 33132
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Pope Investments, LLC.             (u)Christopher Brophy                 (u)David C Cimo
5100 Poplar Ave., #805                                                      Genovese Joblove & Batista PA
Memphis, TN 38137-0800



(u)Tara Lewis                         End of Label Matrix
                                      Mailable recipients    33
                                      Bypassed recipients     4
                                      Total                  37
```